**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEFFREY ROSE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>FERRARI NORTH AMERICAN, INC., *et al.*,<br><br>*Defendants*. | Civil Action No. 21-cv-20772<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

      This class action lawsuit is premised on allegations that Defendants knew of a defect in the braking system in certain Ferrari vehicles but failed to inform consumers. Presently before the Court are the motions of Defendants Ferrari North America, Inc. ("Ferrari"), D.E. 22, and Robert Bosch LLC ("Bosch"), D.E. 25, to dismiss the Complaint.[1] Plaintiff filed a single brief in opposition, D.E. 44, to which Defendants replied, D.E. 52, 53. Ferrari and Bosch also filed motions to stay discovery until the motions to dismiss are decided, D.E. 50, 51, and Bosch filed a motion for a protective order, D.E. 61. Plaintiff opposed these motions. D.E. 54, 66. The Court reviewed the parties' submissions[2] and decided the motions without oral argument pursuant to

---

[1] Plaintiff also names Robert Bosch GMBH, Ferrari N.V., and Ferrari S.P.A as Defendants. *See* Compl. ¶¶ 8, 9, 11. Ferrari S.P.A. was served on September 21, 2022, and the parties agreed that it must respond to the Complaint by November 7, 2022. D.E. 62. It does not appear that Robert Bosch GMBH or Ferrari N.V. have been served.

[2] The Court refers to Ferrari's brief (D.E. 24) as "Ferrari Br."; Bosch's brief (D.E. 25-2) as "Bosch Br."; Plaintiffs' opposition (D.E. 44) as "Plf. Opp."; Ferrari's reply brief (D.E. 52) as "Ferrari Reply"; and Bosch's reply brief (D.E. 53) as "Bosch Reply".

Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons set forth below, Ferrari's motion to dismiss is **GRANTED**, and Bosch's motion to dismiss is **DENIED without prejudice**.  In addition, Defendants' motions to stay and for a protective order are **DENIED without prejudice**.

## I.     FACTUAL BACKGROUND & PROCEDURAL HISTORY

In June 2021, while Plaintiff was driving his pre-owned 2020 Ferrari, it displayed a message on the dash instrument panel that read "brake fluid low – drive to dealer slowly."[3] Compl. ¶¶ 15-16.  Plaintiff, who resides in Missouri, slowly drove his vehicle home and pulled into the driveway.  When in his driveway, Plaintiff attempted to press the brake pedal but nothing happened.  As Plaintiff's vehicle continued to move forward, Plaintiff jumped out of the moving vehicle and the vehicle entered a pond behind Plaintiff's home.  *Id.* ¶¶ 6, 16.

Later that month, Plaintiff purchased a pre-owned 2018 Ferrari (the "Class Vehicle") at Ferrari Maserati Atlanta, a certified Ferrari dealer in Roswell, Georgia. *Id.* ¶ 18.  The Class Vehicle came with a three-year factory warranty and the pre-purchased 24-month extended warranty that expired in 2022.  *Id.* ¶ 18.  In July 2021, Plaintiff's Class Vehicle displayed the same "brake fluid low" message.  *Id.* ¶ 19.  Plaintiff drove home and when he arrived home, the brake pedal malfunctioned "with the pedal going straight to the floor." *Id.*  Plaintiff alleges that Ferrari towed Plaintiff's Class Vehicle from his home to Continental Auto Sports and performed repairs.  *Id.*

On October 23, 2021, Ferrari issued a safety recall to the National Highway Traffic Safety Administration ("NHTSA") regarding a potential issue with leaking brake fluid that could result

---

[3] The factual background is taken from Plaintiff's Complaint ("Compl."). D.E. 1.  When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all well-pleaded facts in the complaint.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

2

in the loss of braking ability.⁴  In its initial notice, Ferrari represented that the recall may impact almost 10,000 vehicles.  *Id.* ¶ 64.  Through the recall, Ferrari was required to notify all affected vehicle owners and include a plan to reimburse owners who incurred costs to remedy the brake problem prior to Ferrari's notice of the defect.⁵  Compl., Ex. B.  Plaintiff alleges that Defendants knew of the brake defect since 2015 but failed to disclose the defect to consumers, including Plaintiff, until the NHTSA recall.  *Id.* ¶ 3.  Although Plaintiff does not know the cause of the brake defect, Plaintiff contends that it may be related to leaking brake fluid and/or the master cylinder/brake booster component.  *Id.* ¶ 2.  Plaintiff further alleges that Bosch manufactures the defective braking system installed in the Ferrari vehicles.  *Id.* ¶¶ 11, 61.

Plaintiff filed the class action Complaint in this matter on December 30, 2021.  D.E. 1.  Generally, Plaintiff alleges that Defendants deceptively concealed the brake defect such that Plaintiff and the putative class members purchased or leased a vehicle that is of lower quality than represented.  Plaintiff asserts claims on behalf of a nationwide class for fraud by concealment or omission (Count I), negligent misrepresentation (Count II), unjust enrichment (Count III), and for a violation of the New Jersey Consumer Fraud Act ("NJCFA") (Count IV).  Compl. ¶¶ 100-140.  Plaintiff also asserts a claim on behalf of a Georgia sub-class alleging a violation of Georgia's Uniform Deceptive Trade Practices Act, Ga. Code Ann. § 10-1-370 *et seq. Id.* ¶¶ 141-53.  Ferrari and Bosch subsequently filed motions to dismiss.  Ferrari maintains that the Complaint should be

---

⁴ The Federal Motor Vehicle Safety Act ("MVSA"), 49 U.S.C. § 30101 *et seq*, requires vehicle manufacturers to immediately notify owners after discovery of a safety defect and remedy defects. 49 U.S.C. § 30118.  The NHTSA is delegated with authority to oversee vehicle recalls under the MVSA.  *See Cohen v. Subaru of Am., Inc.*, No. 20-8442, 2022 WL 721307, at *1 n.6 (D.N.J. Mar. 10, 2022).

⁵ After Plaintiff filed the Complaint, Ferrari expanded the number of impacted vehicles, notified owners and purchasers of the defect, and implemented a plan to repair the defect free of charge. *See* D.E. 55-1.

3

dismissed pursuant to Federal Rules of Civil 12(b)(1) and (6), D.E. 22, and Bosch argues that the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2), D.E. 25. As noted, both Defendants also filed motions to stay or limit discovery until the motions to dismiss are decided. D.E. 50, 51, 61.

II.   ANALYSIS

    1.  **Subject Matter Jurisdiction**

       **A. Legal Standard**

Ferrari first argues that this case must be dismissed because Plaintiff's claims are prudentially moot. Ferrari Br. at 12-16. Generally, "[s]tanding is a jurisdictional matter" that is challenged through Federal Rule of Civil Procedure 12(b)(1). *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). To decide a Rule 12(b)(1) motion, a court must first determine whether the party presents a facial or factual attack against a complaint. A facial attack contests "subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack challenges "the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise presenting competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). Ferrari relies solely on Plaintiff's allegations in the Complaint, thereby making a facial attack. As a result, like a Rule 12(b)(6) motion to dismiss, "the Court must consider the allegations of the complaint as true." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).[6]

---

[6] Ferrari asserts its prudential mootness argument through Rule 12(b)(1) but acknowledges that prudential mootness is different than Article III mootness. Ferrari Br. at 12. Accordingly, the Rule 12(b)(1) does not appear the proper basis on which to move. But because the Court would

4

### B. Analysis

Ferrari argues that because it agreed to provide a free repair and full reimbursement of the alleged defect through the NHTSA recall, any previously live controversies centered on the brake defect are moot. Ferrari continues that because Plaintiff's claims are moot, the Complaint should be dismissed in its entirety. Ferrari Br. at 16. The doctrine of prudential mootness permits a court to "decline to exercise [its] discretion to grant declaratory and injunctive relief" when granting such a remedy would not provide any meaningful relief due to changed circumstances. *Sierra Club v. U.S. Army Corps of Eng'rs*, 277 F. App'x 170, 172-73 (3d Cir. 2008); *see also Marcavage v. Nat'l Park Serv.*, 666 F.3d 856, 862 n.1 (3d Cir. 2012) ("The discretionary power to withhold injunctive and declaratory relief for prudential reasons, even in a case not constitutionally moot, is well established.").

Ferrari largely relies on two cases to support its argument: *Hadley v. Chrysler Group, LLC*, 624 F. App'x 374 (6th Cir. 2015) and *Winzler v. Toyota Motor Sales U.S.A., Inc.*, 681 F.3d 1208 (10th Cir. 2012). In both *Hadley* and *Winzler*, the plaintiffs sought equitable and injunctive relief requiring the automobile manufacturer defendants to notify vehicle owners of defects and pay for and/or repair the defects. *See Winzler*, 681 F.3d at 1209; *Hadley*, 624 F. App'x at 379. Because the defendants had already notified owners and created remedy programs, the Sixth and Tenth Circuits determined that the plaintiffs' claims were prudentially moot. *Winzler*, 681 F.3d at 1211; *Hadley*, 624 F. App'x at 379. But here, Plaintiff seeks more than equitable relief. Plaintiff asserts legal claims, including claims for fraud and an alleged NJCFA violation, and seeks actual, treble, and punitive damages and attorney's fees. *See* Compl., Prayer for Relief. Courts "routinely

---

apply the same standard if Ferrari raised this argument under Rule 12(b)(6), it does not impact the Court's analysis.

5

decline[] to apply [the prudential mootness] doctrine where plaintiffs seek not just equitable relief, but legal relief that exceeds what defendants were offering through a recall." *Davis v. BMW of N. Am., LLC*, No. 19-19650, 2022 WL 3646571, at *1 (D.N.J. Aug. 23, 2022) (collecting cases); *see also Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 218 (3d Cir. 2003) (explaining that although the plaintiff's Section 1983 claim for injunctive and declaratory relief was mooted by her graduation "her damages and attorney's fees claims continue to present a live controversy"). Accordingly, Ferrari's recall does not encompass all of Plaintiff's potential relief. This Court, therefore, will not exercise its discretion by dismissing the Complaint due to prudential mootness. Ferrari's motion is denied on these grounds.

### 2. Personal Jurisdiction

Bosch maintains that Complaint must be dismissed because it is not subject to personal jurisdiction in New Jersey. Bosch Br. at 7-15. Federal Rule of Civil Procedure 12(b)(2) permits a party to move to dismiss a case for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). The plaintiff "bears the burden of demonstrating the facts that establish personal jurisdiction." *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). When a court "resolves the jurisdictional issue in the absence of an evidentiary hearing and without the benefit of discovery, the plaintiff need only establish a prima facie case of personal jurisdiction." *Otsuka Pharm. Co. v. Mylan Inc.*, 106 F. Supp. 3d 456, 461 (D.N.J. 2015). In such cases, a court takes "the uncontroverted allegations in the plaintiff's complaint as true and resolve[s] any factual conflicts in the affidavits and other written materials in the plaintiff's favor." *Id.* (internal punctuation and quotations omitted).

### A. General Jurisdiction

"Personal, or in personam, jurisdiction, [generally] divides into two groups: 'specific jurisdiction' and 'general jurisdiction.'" *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 172 (D.N.J. 2016) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)).[7] General jurisdiction permits a court to assert jurisdiction over an individual defendant that is domiciled in the forum state. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). If a defendant is subject to a forum's general jurisdiction, the defendant can be sued in the forum on any matter. *Ford Motor Co. v. Mont. Eighth Jud. Dist.*, 141 S. Ct. 1017, 1024 (2021) ("General jurisdiction, as its name implies, extends to any and all claims brought against a defendant.") (internal quotation omitted). But a court "may exercise general jurisdiction only when a defendant is 'essentially at home' in the State." *Id.* Ordinarily, a corporation is "at home" only in "its place of incorporation and principal place of business." *Id.* Bosch is a German corporation, and its United States' headquarters are in Michigan. Compl. ¶ 10. Accordingly, Bosch is not "at home" in New Jersey.

In his opposition brief, Plaintiff maintains that Bosch is subject to general jurisdiction in New Jersey because it is registered to do business in the state. By registering with the State, Plaintiff maintains that Bosch consented to personal jurisdiction in New Jersey.[8] Plf. Opp. at 35. "[D]esignation of an in-state agent for service of process in accordance with a state registration statute may constitute consent to personal jurisdiction." *Otsuka Pharm. Co., Ltd.*, 106 F. Supp. 3d

---

[7] Personal jurisdiction may also be exercised on other grounds, including consent, waiver, and in-state service on an individual defendant. *See Jasper v. Bexar Cnty. Adult Det. Ctr.*, 332 F. App'x. 718, 719 (3d Cir. 1999) (regarding consent); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 104-05 (3d Cir. 2019) (regarding waiver); *Burnham v. Super. Ct. of Cal.*, 495 U.S. 604, 628 (1990) (regarding in-state service); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-97 (1991) (regarding consent via a forum selection clause).

[8] As Plaintiff argues, this actually is a consent to personal jurisdiction argument rather than an allegation of general jurisdiction.

at 469.  But other courts, have reached the opposite conclusion, explaining that "the New Jersey statutory scheme does not permit jurisdiction by consent by virtue of registration to do business [in New Jersey].  *Display Works, LLC*, 182 F. Supp. 3d at 175; *see also Boswell v. Cable Servs. Co., Inc.*, No. 16-4498, 2017 WL 2815077, at *5 (D.N.J. June 29, 2017) (concluding that Judge Arleo's reasoning in rejecting consent by virtue of registration to do business in New Jersey in *Display Works* was persuasive).

The Court, however, need not address this split in authority.  When deciding a "jurisdictional issue in the absence of an evidentiary hearing and without the benefit of discovery," a court takes "the uncontroverted allegations in the plaintiff's complaint as true and resolve[s] any factual conflicts in the affidavits and other written materials in the plaintiff's favor."  *Otsuka Pharm. Co., Ltd.*, 106 F. Supp. 3d at 461 (internal punctuation and quotations omitted).  Here, Plaintiff's allegation that Bosch is registered to do business in New Jersey does not appear in the Complaint, nor does Plaintiff provide any documentation to support this statement in his opposition brief.  Accordingly, Plaintiff does not provide the Court with an adequate basis demonstrating that Bosch is registered to do business in New Jersey.  The Court, therefore, cannot conclude that Bosch is subject to personal jurisdiction in New Jersey through registration.

### B. Specific Jurisdiction

Bosch also contends that it is not subject to specific jurisdiction in New Jersey.  Bosch Br. at 9-14.  Specific jurisdiction "depends on an affiliatio[n] between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)."  *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014) (internal quotations omitted).  If a defendant is solely subject to specific jurisdiction, the defendant may

only face suit in the forum if its activities concerning the forum are related to the claims in the suit. *Rickman v. BMW of N. Am. LLC*, 538 F. Supp. 3d 429, 436 (D.N.J. 2021).

As to specific personal jurisdiction, "a federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state," so long as the jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (internal quotation marks omitted). "New Jersey's long-arm statute extends the state's jurisdictional reach as far as the United States Constitution permits, so the analysis turns on the federal constitutional standard for personal jurisdiction." *Display Works, LLC*, 182 F. Supp. 3d at 172 (citing *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 258-59 (3d Cir. 1998)). Courts in the Third Circuit use a three-part test to determine whether specific personal jurisdiction exists as to a particular defendant. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal quotations omitted). First, the defendant must have "purposefully directed [its] activities at the forum."[9] *Id*. (internal quotations omitted). Second, the plaintiff's claims "must arise out of or relate to at least one of those activities." *Id*. (internal quotations omitted). Third, if the first two requirements are met, the exercise of jurisdiction must "otherwise comport with fair play and substantial justice." *Id*. (internal quotations omitted).

Bosch argues that Plaintiff lumps Defendants together and fails to establish that Bosch itself purposefully targeted New Jersey in any manner. Bosch Br. at 10-11. Bosch continues that

---

[9] This factor has also been characterized as "purposeful availment." *Burger King*, 471 U.S. at 475. The factor focuses on contact that the defendant itself created with the forum State. *Id.* The "purposefully directed" or "purposeful availment" requirement is designed to prevent a person from being haled into a jurisdiction "solely as the result of random, fortuitous, or attenuated contacts" or due to the "unilateral activity of another party or third person." *Id.* (internal quotations omitted) (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 774 (1984)).

9

Ferrari's alleged connection cannot be imputed to Bosch nor can Plaintiff rely on a "stream of commerce" theory to establish jurisdiction. *Id.* at 11-12. The stream-of-commerce theory "refers to the movement of goods from manufacturers through distributors to consumers[.]" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011). But a stream-of-commerce analysis still requires a plaintiff to adequately tie a defendant's actions to the forum state and the underlying claims. *Id.* at 881-82. Here, Plaintiff, who resides in Missouri, purchased his Class Vehicle from a dealer in Georgia. Compl. ¶¶ 6, 15, 18. Plaintiff does not adequately allege a connection among Plaintiff's vehicle, Bosch, and New Jersey. As a result, Plaintiff's allegations fall short as to a stream-of-commerce theory to establish specific jurisdiction.

In fact, Plaintiff fails to sufficiently establish that Bosch had any connection to New Jersey. Plaintiff argues that Bosch operates "a vehicle service network" of "at least fifteen locations in New Jersey," has a relationship with AutoZone, which itself has stores in New Jersey, and regularly does business with Ferrari, which has its principal place of business in the State. Plf. Opp. at 35-36. None of these assertions appear in the Complaint, nor does Plaintiff provide any documentation to support these statements in his opposition brief. In addition, the relationship to a jurisdiction "must arise out of contacts that the 'defendant *himself*' creates with the forum." *Walden*, 571 U.S. at 284 (quoting *Burger King*, 471 U.S. at 462). As a result, the Court cannot conclude that Bosch is subject to specific personal jurisdiction within the State.

### C. Jurisdictional Discovery

Plaintiff requests leave to conduct jurisdictional discovery if the Court determines that personal jurisdiction is lacking as to Bosch. Plf. Opp. at 39-40. Bosch maintains that Plaintiff is not entitled to jurisdictional discovery because Plaintiff only makes "bare allegations" of jurisdiction. Bosch Br. at 14-15. "Although the plaintiff bears the burden of demonstrating facts

that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (2003) (internal citations and quotation marks omitted). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Id.* (internal citations and quotation marks omitted). Moreover, in considering jurisdictional discovery requests concerning entity defendants, the Third Circuit recognized the utility of such discovery and expressed a preference for granting such requests. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 336 (3d Cir. 2009) (citing *Compagnie Des Bauxites de Guinee v. L'Union Atlantique S.A. d'Assurances*, 723 F.2d 357, 362 (3d Cir. 1983)). In his opposition brief, Plaintiff's arguments about Bosch's presence in the State demonstrate a reasonable possibility of sufficient contacts in New Jersey. Accordingly, the Court will permit jurisdictional discovery. Thus, Bosch's motion is denied at the present time but following jurisdictional discovery, Bosch is given leave to renew its motion to dismiss pursuant to Rule 12(b)(2).

### 3. Rule 12(b)(6) Arguments

#### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual allegations to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true[,]" and give the plaintiff the benefit of all reasonable inferences flowing therefrom. *Fowler*, 578 F.3d at 210.

### B. Analysis

At the outset, the Court must determine what substantive law it should apply to decide Ferrari's Rule 12(b)(6) arguments. In asserting his nationwide claims, Plaintiff alleges that there is no true conflict amongst the various applicable state laws but also asserts claims on behalf of state sub-classes in the alternative. *See, e.g.*, Compl. ¶ 101. Plaintiff also makes a specific claim pursuant to Georgia's Uniform Deceptive Trade Practices Act. *Id.* ¶¶ 141-53. Ferrari provides authority demonstrating that Plaintiff's claims fail under New Jersey, Georgia, and Illinois law. Ferrari Br. at 17 n.5. In his opposition brief, Plaintiff largely argues that he adequately pleads claims under New Jersey law but also addresses law from other states. *See, e.g.*, Plf. Opp. at 13-17. Neither party conclusively explains which law applies to Plaintiff's nationwide claims.

A choice of law analysis is a fact intensive inquiry that may not be suited for a motion to dismiss. *See, e.g.*, *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 875 (D.N.J. 2020) ("The Court notes that 'it can be inappropriate or impossible for a court to conduct a choice of law analysis at the motion to dismiss stage when little or no discovery has taken place.'" (quoting

*Synder v. Farnam Cos., Inc.*, 792 F. Supp. 2d 712, 717 (D.N.J. 2011))).  And here, neither party provides the Court with sufficient information to perform a choice of law analysis.  Accordingly, the Court will not decide any choice of law issues at this time.  Further, because Plaintiff alleges that there is no conflict between the applicable state law and both parties apply New Jersey law (amongst others) in their briefs, the Court will also apply New Jersey law to decide Ferrari's motion to dismiss the nationwide claims.

Plaintiff's fraud and negligent misrepresentations claims are premised on Defendants' failure to disclose the brake defect.  *See* Compl. ¶¶ 102, 112, 132, 146.  Ferrari seeks to dismiss these counts on numerous grounds.  Ferrari Br. at 23-25.  To state a common law fraud claim under New Jersey law, a plaintiff must plead (1) a material misrepresentation of fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon; and (5) resulting damages.  *Gennari v. Weichert Co. Realtors*, 691 A.2d 350, 367 (N.J. 1997).  An omission can amount to fraud if a party has a duty to disclose.  *Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F. Supp. 2d 537, 546 (D.N.J. 2013).

To state a negligent misrepresentation claim, a plaintiff must plead "that the defendant negligently made an incorrect statement upon which the plaintiff justifiably relied." *Argabright v. Reem Mfr. Co.*, 201 F. Supp. 3d 578, 603 (D.N.J. 2016).  An omission may also form the basis of a negligent misrepresentation claim if "the breaching party owes an independent duty imposed by law."  *Id.* (quoting *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 279-80 (N.J. 2002)).  An omission may also support a claim under the NJCFA.  But "[i]mplicit in the showing of an omission is the underlying duty on the part of the defendant to disclose what he concealed to induce the purchase."  *Mickens v. Ford Motor Co.*, 900 F. Supp. 2d 427, 441 (D.N.J. 2012) (quoting *Arcand v. Brother Int'l Inc.*, 673 F. Supp. 2d 282, 297 (D.N.J. 2009)); *see also Judge v. Blackfin*

13

*Yacht Corp.*, 815 A.2d 537, 543 (N.J. Super. Ct. App. Div. 2003) (concluding that there was no evidence to sustain a judgment for NJCFA claim because "[t]here being no duty to disclose, there can be no finding that defendant knowingly concealed a material fact with the intent that plaintiff rely on the concealment").

Plaintiff maintains that "[w]here there has been active, fraudulent concealment, a duty to disclose exists regardless of whether the parties had a fiduciary or confidential relationship." Plf. Opp. at 21. Plaintiff's summary of the law is not entirely accurate. Rather, under New Jersey law, a party generally "has no duty to disclose information to another party in a business transaction unless a fiduciary relationship exists between them, unless the transaction itself is fiduciary in nature, or unless one party 'expressly reposes a trust and confidence in the other.'" *N.J. Econ. Dev. Auth. v. Pavonia Rest., Inc.*, 725 A.2d 1133, 1139 (N.J. Super. Ct. App. Div. 1998) (quoting *Berman v. Gurwicz*, 458 A.2d 1311, 1313 (N.J. Ch. Div. 1981)). New Jersey courts may also imply that a duty to disclose exists if "such disclosure is necessary to make a previous statement true." *Majdipour v. Jaguar Land Rover N. Am., LLC*, No. 12-7849, 2015 WL 1270958, at *8 (D.N.J. Mar. 18, 2015); *see also Schechter v. Hyundai Motor Am.*, No. 18-13634, 2020 WL 1528038, at *16 (D.N.J. Mar. 31, 2020) ("In addition, a plaintiff can assert an omission-based negligent misrepresentation claim in connection with a concealed defect 'when a manufacturer] has made a partial disclosure.'" (quoting *In re Volkswagen Timing Chain Prod. Liab. Litig.*, No. 16-2765, 2017 WL 1902160, at *20 (D.N.J. May 8, 2017)).

Plaintiff does not argue that he shared a fiduciary or confidential relationship with Ferrari. And Plaintiff does not allege that Ferrari made any partial disclosures or that Plaintiff relied on such partial disclosures. Instead, Plaintiff alleges that Ferrari completely failed to address the brake defect until the NHTSA recall. Because Plaintiff does not allege any partial disclosure,

Ferrari had no duty to fully disclose the brake defect to correct any partial representations. *Majdipour*, 2015 WL 1270958, at *8. Without plausibly alleging a duty to disclose the alleged brake defect, Plaintiff fails to state a claim for his three nationwide fraud-based claims.

Plaintiff's Georgia Uniform Deceptive Trade Practices Act claim is also premised on Defendants' failure to disclose the brake defect. Compl. ¶ 146. Under Georgia law, "in a fraudulent concealment action, there must first exist a duty to communicate the omitted or concealed material fact to the defrauded party." *McCabe v. Daimler AG*, 160 F. Supp. 3d 1337, 1350 (N.D. Ga. 2015). The duty to communicate "may arise from the confidential relations of the parties or from the particular circumstances of the case." *Id.* (quoting O.C.G.A. § 23-2-53). Again, Plaintiff does not appear to rely on a confidential relationship between Ferrari and Plaintiff. Plaintiff, therefore, must establish that a duty to disclose arises from the particular circumstances of the case.

Plaintiff contends that under Georgia law, a duty to disclose may arise if the defendant took steps to actively hide the defect.[10] Plf. Opp. at 21. In support, Plaintiff cites to *In re Volkswagen Timing Chain Prod. Liab. Litig.* Plf. Opp. at 21-22. In *Volkswagen*, Judge Linares relied on *McCabe v. Daimler AG*, 948 F. Supp. 2d 1347 (N.D. Ga. 2013) to conclude that the defendant automobile manufacturer owed a duty to disclose a defect under multiple states' laws, including Georgia, because the defect led to safety concerns. *In re Volkswagen Timing Chain Prod. Liab. Litig.*, 2017 WL 1902160, at *20 (citing *McCabe*, 948 F. Supp. 2d at 1368-70). In *McCabe*, the court determined that the plaintiff plausibly alleged that the defendant owed a duty to disclose

---

[10] Plaintiff also argues that New Jersey law is the same. Plf. Opp. at 21. The case that Plaintiff relies on, however, does not support this argument. *See In re Volkswagen Timing Chain Prod. Liability Litig.*, 2017 WL 1902160, at *20 (explaining that duty to disclose safety defect arises under New Jersey law if a defendant makes partial disclosures).

15

underlying safety defects with gasoline tanks.  The *McCabe* court explained that "[t]he particular circumstances of the case may give rise to an obligation to communicate where there is a concealment of 'intrinsic qualities of the article which the other party by the exercise of ordinary prudence and caution could not discover.'"  *McCabe*, 948 F. Supp. 2d at 1368 (quoting *Rivers v. BMW of N. Am., Inc.*, 449 S.E.2d 337, 340 (Ga. Ct. App. 1994)).

Ferrari, however, relies on the *McCabe* court's later decision granting summary judgment to the defendants to argue that Georgia law does not impose a duty to disclose.  Ferrari Reply at 24.  Ferrari continues that pursuant to the *McCabe* summary judgment decision, manufacturers never have a duty to disclose automobile defects to purchasers of used automobiles.  *Id.*  In granting summary judgment to the defendant in *McCabe*, the court explained that "[t]he cases in which courts have invoked the 'particular circumstances' language . . . . to find a duty to disclose outside the confidential relationship context have involved at least some relationship between the parties." *McCabe*, 160 F. Supp. 3d at 1351.

Thus, the *McCabe* court's summary judgment decision forecloses Plaintiff's argument that he plausibly pleads a duty to disclose based solely on the safety risks.  Plaintiff must also establish a dependent relationship between himself and Ferrari.  Plaintiff pleads that he purchased his Class Vehicle from a certified Ferrari dealer.  Compl. ¶ 18.  Plaintiff further pleads that certified Ferrari dealers "act as Ferrari's agents regarding the disclosures and other representations made to consumers about the characteristics of his Class Vehicle."  *Id.* ¶ 23.  Ferrari does not attack the plausibility of these allegations, and the allegations sufficiently take the Complaint beyond the purview of the *McCabe* summary judgment decision.  The *McCabe* court observed the following:

> The cases finding a duty to disclose under the "particular circumstances" prong of O.C.G.A. § 23–2–53 involved some sort of a relationship between the parties and there is no evidence of that before this Court.  Although [one plaintiff] bought her vehicle from

> a Mercedes–Benz dealer and [another plaintiff] took his vehicle to a Mercedes–Benz dealer for an inspection prior to purchasing the vehicle, there is no evidence (nor even an allegation) that either dealer were agents of Defendants. In order to find some relationship between Defendants and these Plaintiffs, the Court would have to assume some element of agency between Defendants and the Mercedes–Benz dealerships with whom [these Plaintiffs] interacted, and there is simply no evidence in the record to support this.

160 F. Supp. 3d at 1352 (citations omitted). Here, because Plaintiff expressly alleges an agency relationship, the Court will not dismiss based on the reasoning in the *McCabe* summary judgment opinion.

Ferrari also seeks to dismiss the Georgia claim because it is only based on allegations of past wrongs. Ferrari Br. at 28. Injunctive relief is only remedy available under the Georgia Uniform Deceptive Trade Practices Act. *Energy Four, Inc. v. Dornier Med. Sys., Inc.*, 765 F. Supp. 724, 730 (N.D. Ga. 1991). Moreover, a plaintiff must establish that "he is likely to be damaged by [the allegedly improper] trade practices in the future." *Catrett v. Landmark Dodge, Inc.*, 560 S.E.2d 101, 106 (Ga. Ct. of Appeals 2002) (internal quotation omitted). Here, Plaintiff pleads that Ferrari continues to omit material information about the brake defect and seeks injunctive relief that, amongst other things, enjoins Defendants from continuing to conceal material information about the defect. Compl. ¶¶ 73; 79(c); Prayer for Relief. But Plaintiff pleads that had he known the truth, he would not have purchased his Class Vehicle or would have paid significantly less for the vehicle. *Id.* ¶ 148. Plaintiff also argues that Defendants' deceptive trade practices continue to harm him due to diminished resale value. Plf. Opp. at 27. But Plaintiff is merely complaining about a past purchase. Plaintiff fails to plead that he will suffer any future harm from Ferrari's ongoing deceptive trade practices or that he will be damaged absent an injunction. This is insufficient for a claim under the Georgia Uniform Deceptive Trade Practices Act. *See Buske v. Owens Corning (Corp.)*, No. 16-709, 2017 WL 1062371, at *3 (N.D. Ga. Mar.

17

21, 2017) (dismissing claim for injunctive relief under the Act because the plaintiffs failed to allege any future harm). Plaintiff's Georgia Uniform Deceptive Trade Practices Act claim, therefore, is dismissed on these grounds.

Finally, Ferrari seeks to dismiss Plaintiff's unjust enrichment claim, in part, because Plaintiff's claims are governed by the express warranty. Ferrari. Br. at 29. Plaintiff counters that the Federal Rules of Civil Procedure permit parties to plead claims in the alternative. Plf. Opp. at 28. Plaintiff is correct that alternative pleading is permissible under Rule 8. *See* Fed. R. Civ. P. 8(a)(3). But New Jersey law provides that "where there is an express contract covering the identical subject matter of the claim, plaintiff[s] cannot pursue a quasi-contractual claim for unjust enrichment." *Royale Luau Resort, LLC v. Kennedy Funding, Inc.*, No. 07-1342, 2008 WL 482327, at *10 (D.N.J. 2008) (brackets and citations omitted). Here, Plaintiff alleges that Defendants were unjustly enriched because they limited their warranty coverage and excluded the Brake Defect. Compl. ¶ 124. But this conclusory allegation is not supported by Plaintiff's allegations. In fact, Plaintiff alleges that Ferrari did not tell Plaintiff and the public about the defect "to avoid an avalanche of warranty claims and expenses related to replacing every brake system in every Class Vehicle." *Id.* ¶ 79. Thus, Plaintiff implicitly pleads that had Ferrari disclosed the brake defect, it would have been covered under the warranty. As pled, therefore, Plaintiff's unjust enrichment claim is precluded by the warranty. Count III is dismissed.[11]

When granting a Rule 12(b)(6) motion to dismiss, a court must decide whether to dismiss with or without prejudice, the latter of which provides a plaintiff with opportunity to amend.

---

[11] Because the Court concludes that Plaintiff fails to state a claim in the Complaint, the Court need not reach Ferrari's remaining arguments to dismiss the Complaint under Rule 12(b)(6).

Because this is Plaintiff's initial Complaint, the Court provides Plaintiff with leave to remedy the identified deficiencies. Accordingly, the Complaint is dismissed as to Ferrari without prejudice.

### 4. Motions to Stay Discovery

After filing their motions to dismiss, Ferrari and Bosch both filed motions to stay discovery pending a decision on the motions to dismiss. D.E. 50, 51. Bosch also filed a motion for a protective order stating that Bosch is not required to respond to Plaintiff's jurisdictional discovery request until this Court decides Bosch's motion to dismiss and requires jurisdictional discovery. D.E. 61. Because the Court is deciding the motions to dismiss, Ferrari and Bosch's motions to stay discovery and for a protective order are denied without prejudice as moot.

With respect to jurisdictional discovery, Plaintiff and Bosch are limited to five (5) interrogatories, a demand for the production or inspection of documents and other tangible items, and two (2) depositions. Plaintiff and Bosch must serve any written discovery requests within fourteen (14) days of this Opinion and responses are due within thirty (30) days of this Opinion. The depositions must occur within ninety (90) days of this Opinion. Bosch may renew its motion for a protective order after Plaintiff serves his jurisdictional discovery requests. Bosch may also file a renewed motion to dismiss for lack of personal jurisdiction after jurisdictional discovery. Such a motion must be filed within four (4) months from the date of this Opinion. If Bosch does not file a renewed motion to dismiss, Plaintiff must file his amended complaint within five (5) months of this Opinion.

### III. CONCLUSION

Defendant Ferrari's motion to dismiss (D.E. 22) is **GRANTED** and the Complaint is dismissed as to Ferrari without prejudice. Defendant Bosch's motion to dismiss (D.E. 25) is **DENIED** but Bosch is given leave to file a renewed motion to dismiss after the completion of

19

jurisdictional discovery.  Defendants' motions to stay discovery (D.E. 50, 51) are **DENIED without prejudice** and Bosch's motion for a protective order (D.E. 61) is also **DENIED without prejudice**.  An appropriate Order accompanies this Opinion.

Dated: October 25, 2022

                                                                            John Michael Vazquez, U.S.D.J.