UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not For Publication**

| | |
|---|---|
| JEFFREY ROSE, VAN CARLUCCI, and ART BARTOSIK and SIXTYSIX CAPITAL, LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>FERRARI NORTH AMERICA, INC., FERRARI S.P.A., ROBERT BOSCH, LLC, and ROBERT BOSCH GMBH,<br><br>*Defendants*. | Civil Action No. 21-20772(MEF)(CLW)<br><br>**OPINION and ORDER** |

For the purposes of this Opinion and Order, the Court assumes full familiarity with the procedural history and facts.

The Defendant[1] moves to dismiss for lack of personal jurisdiction or, in the alternative, on the merits.

The motion is denied to allow for jurisdictional discovery. This is without prejudice to a motion to dismiss being made later, after jurisdictional discovery is completed.

\*   \*   \*

A federal court may exercise personal jurisdiction to the same extent as state courts in the state where the federal court sits. See Fed. R. Civ. P. 4(k)(1)(A); Daimler AG v. Bauman, 571 U.S. 117, 125 (2014).

In New Jersey, that means jurisdiction over a non-New Jersey defendant reaches as far as the United States Constitution allows. See N.J. Court Rule 4:4-4; Charles Gendler & Co. v. Telecom Equip. Corp., 102 N.J. 460, 469 (1986); see also Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004).

---

[1] The moving Defendant is Robert Bosch GmbH, a corporation.

1

The relevant test under the Constitution:

> The [specific jurisdiction[2]] inquiry . . . has three parts. First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice.

O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007) (cleaned up).

Jurisdictional discovery "should be allowed unless the plaintiff's [jurisdictional] claim is clearly frivolous," and there is, in some sense at least, a "presumption" of jurisdictional discovery as to corporate defendants. Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997) (cleaned up); see also Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009) ("jurisdictional discovery [is] particularly appropriate where the defendant is a corporation").

A jurisdictional claim is not "clearly frivolous" so long as it "suggest[s] with reasonable particularity the possible existence of the requisite contacts between [the defendant] and the forum state." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003) (cleaned up).

As alluded to above, the Plaintiffs'[3] jurisdictional claim is that the Court has specific jurisdiction over the Defendant.

\*   \*   \*

The Plaintiffs allege the Defendant designed, manufactured, and sold the allegedly defective brakes at issue in this case. See Amended Complaint ¶ 48; cf. id. ¶ 53.

Based on this allegation, the Plaintiffs have pressed various

---

[2] The parties agree the only way for the Court to exercise jurisdiction here is by means of specific jurisdiction, not general. See Opposition Brief at 11 n.6; Motion to Dismiss at 7-8.

[3] The Plaintiffs still in the case: Jeffrey Rose and Van Carlucci.

2

claims related, among other things, to: (a) the cars they bought being worth less than they believed when they bought them, and (b) the Plaintiffs being deceived as to what they were, in fact, getting when they bought the cars. See, e.g., Amended Complaint ¶¶ 190-199 ("fraud by concealment or omission"); id. ¶¶ 200-206 ("negligent misrepresentation"); id. ¶¶ 238-252 ("violation of the N.J. Consumer Fraud Act"); id. ¶¶ 253-262 ("unjust enrichment").

In response to the Defendant's motion to dismiss for lack of personal jurisdiction, the Plaintiffs have submitted certain evidence.[4]

That evidence is summarized in this section.

The Defendant works closely with a global network of automotive service centers. See Declaration of James E. Cecchi ("Cecchi Decl.") Ex. K at 1-3. The service centers work on the Defendant's brakes. See Cecchi Decl., Ex. I at 36 (Defendant's website: "Brakes Making Noise? Visit a Bosch Auto Service"); cf. Cecchi Decl., Ex. L at 2. And the service centers publicly foreground their connection to the Defendant. See, e.g., Cecchi Decl., Ex. L at 1-4 (press release).

More than twenty of the service centers are in New Jersey. See

---

[4] The Defendant argues that because "the Amended Complaint contains no allegations" regarding some of the evidence, that portion of the evidence should not be considered. See Reply Brief at 5. But the Defendant does not argue this evidence was surprising or otherwise unfair, or that it had an insufficient opportunity to respond to it. And a Rule 12(b)(2) motion is "inherently a matter which requires resolution of factual issues outside the pleadings, i.e.[,] whether in personam jurisdiction actually lies." Patterson by Patterson v. F.B.I., 893 F.2d 595, 603-04 (3d Cir. 1990) (cleaned up); see also Dudhwala v. Choice Hotels Int'l Servs. Corp., 2022 WL 4300219, at *4 (D.N.J. Sept. 19, 2022); Castoria v. Berlin Int'l Colorado, L.L.C., 2018 WL 3000173, at *4 (D.N.J. June 14, 2018); Wurth Adams Nut & Bolt Co. v. Seastrom Mfg. Co. Inc., 2015 WL 1530969, at *1 (D.N.J. Apr. 6, 2015). The Defendant does not point to any case that purports to require evidence submitted in response to a Rule 12(b)(2) motion to track the jurisdictional allegations set out in the complaint. And in some contexts, such a requirement could be at odds with Rule 8. See Fed. R. Civ. P. 8(a)(1) (requiring "a short and plain statement of the grounds for the court's jurisdiction").

3

Cecchi Decl., Ex. B at 1. At least one New Jersey service center specifically services vehicles made by the car manufacturer whose vehicles are at issue in this case. See Cecchi Decl., Ex. L at 1-2. That particular service center's website says it works on brakes, see id. at 2, and the best inference is that these include brakes made by the Defendant.

Per the Defendant's website, the service centers are subject to a "qualification system" that includes "regular audits and workshop tests." Cecchi Decl., Ex. K at 2. A likely inference from this is that this qualification system, described by the Defendant on its website, is one the Defendant has been deeply involved in.

Furthermore, the Defendant's website touts the "support" the service centers "have received . . . in the form of automotive spare parts, workshop equipment, and business and technical expertise[.]" Id. at 1. According to the Defendant's website, the service centers also receive support "in the form of cutting-edge diagnostic technology, effective spare part logistics, and marketing measures." Id. at 2. Additionally, per the Defendant's website, "customers benefit from the high availability of [the Defendant's] original parts at partner [service centers.]" Id. at 2.

The likely inference is that the quoted assistance referenced in the preceding paragraph is provided by the Defendant.

The Defendant's website also says that its "objective is to . . . more closely coordinate customers and service [centers] on the basis of digital solutions and smart use of data." Id. at 3. The likely inference: the Defendant is playing an active role with respect to the service centers, including by directing customers to them. Indeed, the Defendant's website points customers who are having brake issues to go to a "local . . . service [center] . . . near you" to see if a repair or replacement is necessary. Cecchi Decl., Ex. I at 36.

Finally, note that one of the Plaintiffs lives in, and bought the relevant car in, New Jersey. See Amended Complaint ¶ 31. (This is not contested by the Defendant.)

\*   \*   \*

Given the evidence set out in the preceding section, the Plaintiffs' jurisdictional "claim" is not "clearly frivolous." Andover, 107 F.3d at 1042.

4

To see why, take the three-part test for specific jurisdiction. See O'Connor, 496 F.3d at 317.

As to the first of the prongs, the defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum state." Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 592 U.S. ___, 141 S. Ct. 1017, 1024 (2021) (cleaned up); see also Rose v. Ferrari N. Am., Inc., 2023 WL 4914313, at *1 (D.N.J. July 31, 2023).

In Ford Motor, the Supreme Court held specific jurisdiction existed where, among other factors, the defendant's "own network of dealers offers an array of maintenance and repair services, thus fostering an ongoing relationship between [the defendant] and its customers." Id. at 1023. The defendant in that case "service[d] the model of vehicle the suit claims is defective." Id. at 1022-23. And the defendant in that case engaged in promotional activities, including "online . . . advertisements." Id. at 1022.

The Defendant here engaged in roughly similar activities to those set out in Ford Motor. This is enough, at least for now. The evidence put forward by the Plaintiffs satisfies the not "clearly frivolous" test. Andover, 107 F.3d at 1042.

A plaintiff can satisfy the second prong by showing there is a "strong relationship among the defendant, the forum, and the litigation[.]" Ford Motor, 141 S. Ct. at 1028 (cleaned up).[5]

---

[5] The Defendant suggests the second prong may be satisfied only if the injury is caused by the complained-of conduct. See Reply Brief at 3-4. The basis of this is a set of district court cases. See id. But these cases do not purport to suggest that, after Ford Motor, causation (as had arguably been required in past in the Third Circuit, under O'Connor) is the only way to satisfy this prong. Indeed, the cited district court cases stand for the opposite proposition. See Mold Medics LLC v. All Am. Restoration Corp., 2022 WL 3999886, at *9 (W.D. Pa. Sept. 1, 2022) (Ford Motor "highlighted that there are two methods of showing a sufficient connection between a plaintiff's claims and the defendant's contacts with the forum," and that one did not require causation); Keystone Drill Servs., Inc. v. Davey Kent, Inc, 2022 WL 819280, at *11 n.6 (W.D. Pa. Feb. 22, 2022) (closely similar and stating after Ford Motor, as long as there is a "strong relationship among the defendant, the forum, and [the plaintiff's] claim(s)[,]" this prong is satisfied) (cleaned up). And moreover: the Defendant's causation-only approach seems to run aground on Ford Motor itself. See Ford Motor, 141

5

Here, the Plaintiff's evidence is enough, at least at this preliminary stage, to make out the required "strong relationship." Ford Motor, 141 S. Ct. at 1028. The Plaintiffs' evidence is that the Defendant is closely involved in the service centers, and those service the Defendant's brakes in New Jersey, including for the make of vehicle at issue in this case. The Plaintiffs' claims are based on alleged defects with the Defendant's brakes. One of the Plaintiffs bought a car with allegedly defective brakes in New Jersey. See Amended Complaint ¶¶ 31, 181 n.20. And many of the claims in this case are bottomed on the buying of a car. See, e.g., Amended Complaint ¶¶ 190-199 ("fraud by concealment or omission"); id. ¶¶ 200-206("negligent misrepresentation"); id. ¶¶ 238-252 ("violation of the N.J. Consumer Fraud Act"); id. ¶¶ 253-262 ("unjust enrichment").

It is not "clearly frivolous," Andover, 107 F.3d at 1042, to conclude that, based on the above, there is a "strong relationship" between the Defendant, the forum, and this litigation. See Ford Motor, 141 S. Ct. at 1028.[6]

As to the third prong, "[t]he existence of minimum contacts makes jurisdiction presumptively constitutional, and the defendant 'must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" O'Connor, 496 F.3d at 324 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)); see also Rose, 2023 WL 4914313, at *5.

For this prong, the Defendant focuses on the challenges faced by foreign litigants. See Motion to Dismiss at 13-15. But its arguments are all-but entirely generic. They do not, for example, suggest that defending this lawsuit in New Jersey would

---

S. Ct. at 1026-1028.

[6] The Defendant argues this case is "nearly identical" to another one where this Court denied jurisdictional discovery as to the same defendant. See Reply Brief at 2 (citing Rickman v. BMW of N. Am. LLC, 538 F. Supp. 3d 429, 434 (D.N.J. 2021)). But there, the plaintiffs merely relied on evidence showing the defendant supplied the relevant device, along with broad statements about the defendant's work with its non-New Jersey U.S. subsidiary. See Rickman, 538 F. Supp. 3d at 438-39. The Plaintiffs in this case go further, presenting evidence that the Defendant was involved with servicing efforts, including for brakes, in New Jersey. See Cecchi Decl., Ex. B at 1; Ex. L at 1-2.

6

meaningfully impact the Defendant's operations or finances, or make it difficult for the Defendant to mount a robust defense. See, e.g., Rose, 2023 WL 4914313, at *5; Opheim v. Volkswagen Aktiengesellschaft, 2021 WL 2621689, at *6 (D.N.J. June 25, 2021); Rickman, 538 F. Supp. 3d at 443-444; Ahn v. Korea Advanced Inst. of Sci. & Tech., 2014 WL 6455593, at *6 (D.N.J. Nov. 17, 2014); cf. Pinker v. Roche Holdings Ltd., 292 F.3d 361, 373 (3d Cir. 2002). In short, the Defendant has not made a "compelling case," O'Connor, 496 F.3d at 324, that exercising jurisdiction is unreasonable here.

\*     \*     \*

In sum: the exercise of specific jurisdiction over the Defendant in this case is not "clearly frivolous." Jurisdictional discovery can therefore go forward.

The Defendant's motion to dismiss is denied, without prejudice to a motion being made later, under Rule 12(b)(2) or Rule 12(b)(6), after a presumably tight period of time, during which jurisdictional discovery will get underway and be completed.

IT IS on this 14th day of December, 2023, so **ORDERED**.

Michael E. Farbiarz, U.S.D.J.

7