**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JEFFREY ROSE, VAN CARLUCCI, ART BARTOSIK and SIXTYSIX CAPITAL, LLC, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>FERRARI NORTH AMERICA, INC., FERRARI S.P.A., ROBERT BOSCH, LLC, and ROBERT BOSCH GMBH,<br><br>　　　　　Defendants. | Civil Action No. 21-20772(JKS)(CLW)<br><br>**OPINION**<br><br>March 20, 2024 |

**SEMPER**, District Judge.

Currently before the Court is Defendants Ferrari North America, Inc. and Ferrari S.p.A.'s (collectively "Defendants" or "Ferrari Defendants") motion to dismiss Plaintiffs' First Amended Complaint (ECF 79, "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 99-1.) Plaintiffs filed a brief in opposition. (ECF 99-4.) Defendants replied. (ECF 99-5.)[1] The Court reviewed the Plaintiffs' First Amended Complaint and the parties' submissions and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

---

[1] Defendants' brief in support of their motion (ECF 99-1) will be referred to as "Def. Br."; Plaintiffs' brief in opposition (ECF 99-4) will be referred to as "Opp."; and Defendants' reply brief (ECF 99-5) will be referred to as "Reply."

## I.   FACTUAL AND PROCEDURAL BACKGROUND[2]

This putative class action lawsuit arises from a Brake Defect potentially affecting every Ferrari vehicle purchased in the United States since 2005. (FAC ¶ 12.) Certain Ferrari models contain braking systems that leak brake fluid, which can lead to a total or partial loss of braking capability. (*Id.* ¶ 4.) Plaintiffs Rose and Carlucci allege that Defendants[3] Ferrari North America, Ferrari S.p.A., and Robert Bosch GmbH deceptively concealed the Brake Defect. (*Id.* ¶ 19.) Accordingly, Plaintiffs and the putative class members purchased or leased vehicles that are unsafe, unfit for their intended purpose, and of lower quality than represented. (*Id.* ¶¶ 19, 167.)

In June 2021, Plaintiff Rose purchased a pre-owned 2018 Ferrari 488 GTB (the "Class Vehicle") at Ferrari Maserati Atlanta, a certified Ferrari dealer in Roswell, Georgia. (*Id.* ¶ 26.) In July 2021, Plaintiff Rose's Class Vehicle displayed a message stating "brake fluid low - drive to dealer slowly." (*Id.* ¶ 27.) Plaintiff Rose drove home, and when he arrived, the brake pedal malfunctioned "with the pedal going straight to the floor." (*Id.*) Plaintiff Rose alleges that Ferrari towed his Class Vehicle from his home to Continental Auto Sports and performed repairs. (*Id.*) The Class Vehicle came with a three-year factory warranty; the pre-purchased 24-month extended warranty expired in 2022. (*Id.* ¶ 26.)[4]

---

[2] When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989). As such, the following facts are taken from Plaintiffs' First Amended Complaint.

[3] On March 15, 2023, Defendant Robert Bosch LLC was voluntarily dismissed from this case without prejudice. (ECF 88.)

[4] In 2020, Plaintiff Rose purchased a different pre-owned 2018 Ferrari 488 GTB, VIN ZFF67NFA0E0196856, from Continental Auto Sports, a certified Ferrari dealer located in Hinsdale, Illinois. (FAC ¶ 23.) This vehicle also experienced the Brake Defect and sunk to the bottom of a pond after its brakes failed to engage. (*Id.* ¶ 24.) This vehicle was deemed a total loss by Plaintiff Rose's automobile insurer, State Farm. (*Id.* ¶ 25.) "On June 23, 2021, Plaintiff Rose settled his insurance claim with State Farm." (*Id.*)

In October 2021, Ferrari North America commenced a recall and issued a notice explaining that "vehicles are equipped with a braking system that could potentially leak brake fluid, which may lead to partial or total loss of braking capability[.]" (*Id.* ¶ 4.) In this initial recall notice, Ferrari North America explained the brake components were manufactured by Bosch and installed in Class Vehicles manufactured by Ferrari Italy. (*Id.*) "Bosch and Ferrari worked together to design, test, and approve the braking systems present in the Class Vehicles." (*Id.*)

In July 2022, Ferrari North America issued an additional recall and offered owners a purported "remedy," which involved replacing the brake fluid reservoir cap and providing a software update ("Cap Replacement"). (*Id.* ¶ 13.) The Plaintiffs assert, however, that the Cap Replacement cannot and has not cured the Brake Defect. (*Id.*)

After Ferrari North America issued the recall notice, Plaintiff Carlucci received a non-dated letter from Ferrari North America that informed him that his Class Vehicle, a 2005 Ferrari Spider,[5] contained the Brake Defect (*Id.* ¶ 34.)  While the letter stated Ferrari would repair Plaintiff Carlucci's vehicle, the letter also informed him that the "replacement part [wa]s not yet available." (*Id.*) The letter advised that if a message appeared on his dashboard stating, "Brake fluid level low, Go to dealer slowly," or the "brake failure warning" light illuminated, he should pull off the road as soon as possible. (*Id.*) Plaintiff Carlucci has yet to receive notice that the replacement part is available. (*Id.*)

On December 5, 2022, Plaintiffs filed their First Amended Complaint.[6] Plaintiffs assert claims on behalf of a nationwide class for fraud by concealment or omission (Nationwide Count

---

[5] Plaintiff Carlucci purchased a 2005 Ferrari 430 Spider in North Bergen, New Jersey in 2019. (FAC ¶ 31.)

[6] On March 31, 2023, Plaintiffs Art Bartosik and SixtySix Capital, LLC voluntarily dismissed their claims against Defendants pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF 91.) The Court will therefore not address the three Texas-law-based claims associated with these former Plaintiffs.

I); negligent misrepresentation (Nationwide Count II); strict product liability (Nationwide Count III); breach of contract (Nationwide Count IV); breach of the implied warranty of merchantability (Nationwide Count V); violation of the New Jersey Consumer Fraud Act ("NJCFA") (Nationwide Count VI); and unjust enrichment (Nationwide Count VII). (*Id.* ¶¶ 190-262.) Plaintiff also asserts claims on behalf of a Georgia sub-class, alleging violation of Georgia's Uniform Deceptive Trade Practices Act ("GUDTPA") (Georgia Count I); violation of the Georgia Fair Business Practices Act ("GFBPA") (Georgia Count II); breach of express warranty (Georgia Count III); and breach of implied warranty of merchantability (Georgia Count IV). (*Id.* ¶¶ 263-308.) Defendants Ferrari North America and Ferrari S.p.A. moved to dismiss the First Amended Complaint.[7]

Pursuant to this Court's July 28, 2023 opinion and order, the parties are currently engaging in jurisdictional discovery regarding Ferrari S.p.A. (ECF 111.) The parties are likewise engaging in jurisdictional discovery regarding Robert Bosch GmbH pursuant to this Court's December 14, 2023 opinion and order. (ECF 131.)

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the

---

[7] After the motion to dismiss was filed and fully briefed, Plaintiffs filed a separate motion asking the Court to take judicial notice of an amended chronology of defect ("RC 80 Chronology") submitted by Defendant Ferrari North America, Inc. to the National Highway Transportation Safety Administration. (ECF 107.) The parties dispute when the document was made public and whether it is proper for the Court to take judicial notice of the document at this time. While the Court acknowledges Plaintiffs' submission, the document had no bearing on the Court's analysis or ruling on this motion to dismiss. The request for judicial notice, at ECF 107 is thus dismissed as moot.

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

"When a complaint involves allegations of fraud, a plaintiff must meet the heightened pleading requirements of Rule 9(b) to state a claim under Rule 12(b)(6)." *Franchitti v. Cognizant Tech. Sols. Corp.*, 555 F. Supp. 3d 63, 68 (D.N.J. 2021) (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 155 (3d Cir. 2014)); *see also* Fed. R. Civ. P. 9(b) (stating that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud," though conditions of the mind such as knowledge may be pled generally). "In order to satisfy Rule 9(b), a complaint must provide 'all of the essential factual background that would accompany the first paragraph of any newspaper story' — that is, the 'who, what, when, where and how' of the events at issue.'" *United States v. Eastwick Coll.*, 657 F. App'x 89, 93 (3d Cir. 2016) (quoting *In re Rockefeller Ctr. Props., Inc. Secs. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002)). This standard has been relaxed slightly for fraudulent omission claims where pleading specific times and places may not be practicable and, instead, Rule 9(b) may be satisfied by "alleg[ing] what the omissions were, the person responsible for failing to disclose the information, the context of the omission and the manner in which it misled plaintiff and what defendant obtained through the fraud." *See Johansson v. Cent. Garden & Pet Co.*, 804 F. Supp. 2d 257, 264 (D.N.J. 2011) (quoting *Luppino v. Mercedes-Benz USA, LLC*, No. 09-5582, 2010 WL 3258259, at *7 (D.N.J. Aug. 16, 2010)).

### III.    ANALYSIS:

In asserting the nationwide claims, Plaintiffs allege there is no true conflict amongst the various applicable state laws. Plaintiffs assert claims on behalf of state sub-classes in the alternative. Plaintiffs also make specific claims pursuant to Georgia, New Jersey, and Texas laws. No party conclusively explains which law applies to Plaintiffs' nationwide claims. Accordingly, the Court will not decide any choice of law issues at this time.[8] Further, because Plaintiffs allege there is no conflict between the applicable state law and both parties apply New Jersey law (amongst others) in their briefs, the Court will also apply New Jersey law to decide Ferrari's motion to dismiss the nationwide claims, as it did in its previous motion to dismiss opinion. (*See* ECF 67.)

#### A.  The Nationwide Claims Lack Standing

Defendants argue the Court should dismiss the nationwide class allegations because Plaintiffs lack standing to assert claims on behalf of putative classes under the laws of states where no named plaintiff is located. (Def. Br. at 27-28.) "[T]here is disagreement in this district over whether plaintiffs in a class action may assert claims under the laws of states where the complaint does not allege connections between the named plaintiffs and those states." *Rains v. Jaguar Land Rover N. Am., LLC*, No. 22-4370, 2023 WL 6234411, at *4 (D.N.J. Sept. 26, 2023) (quoting *Cohen v. Subaru of Am., Inc.*, No. 20-08442, 2022 WL 721307, at *6 (D.N.J. Mar. 10, 2022)). The Court agrees with the authority finding plaintiffs must demonstrate standing for each claim they seek to assert. *Rains*, 2023 WL 6234411, at *4; *see also Ponzio v. Mercedes-Benz, USA, LLC*, 447 F. Supp. 3d 194, 223 (D.N.J. 2020). Otherwise, "a plaintiff would be able to bring a class action complaint

---

[8] A choice of law analysis is a fact intensive inquiry that may not be suited for a motion to dismiss. *See, e.g.*, *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 875 (D.N.J. 2020) ("The Court notes that 'it can be inappropriate or impossible for a court to conduct a choice of law analysis at the motion to dismiss stage when little or no discovery has taken place.'" (quoting *Synder v. Farnam Cos., Inc.*, 792 F. Supp. 2d 712, 717 (D.N.J. 2011))).

under the laws of nearly every state . . . without having to allege concrete, particularized injuries relating to those states, thereby dragging defendants into expensive nationwide class discovery, potentially without a good-faith basis." *Ponzio*, 447 F Supp. 3d at 223. Therefore, Plaintiffs are limited to asserting claims on behalf of individuals in states where at least one named Plaintiff has standing for a claim. *See id.*; *Rains*, 2023 WL 6234411, at *4; *Cohen*, 2022 WL 721307, at *6.

### B. Fraud-based Claims:

Plaintiffs assert several fraud-based claims: fraud by concealment or omission (Nationwide Count I); negligent misrepresentation (Nationwide Count II); violation of the New Jersey Consumer Fraud Act ("NJCFA") (Nationwide Count VI); violation of Georgia's Uniform Deceptive Trade Practices Act ("GUDTPA") (Georgia Count I); and violation of the Georgia Fair Business Practices Act ("GFBPA") (Georgia Count II).

In its October 25, 2022 Opinion, this Court dismissed the nationwide fraud-based claims in Plaintiffs' initial Complaint "[b]ecause Plaintiff d[id] not allege any partial disclosure, [so] Ferrari had no duty to fully disclose the brake defect to correct any partial representations. . . . Without plausibly alleging a duty to disclose the alleged brake defect, Plaintiff fail[ed] to state a claim for his three nationwide fraud-based claims." (ECF 67 at 14-15.)

Now, in the First Amended Complaint, Plaintiffs Rose and Carlucci assert that Ferrari Defendants had a duty to disclose the Brake Defect to Plaintiffs and members of the Classes. (*See, e.g.*, FAC ¶¶ 135, 195.) Further, Plaintiffs allege that Defendants engaged in partial disclosures concerning the Defect. (*See, e.g.,* FAC ¶¶ 19, 136-42, 167, 202, 247, 272, 284.) The First Amended Complaint cures the deficiencies found in the original Complaint regarding partial disclosure. However, Defendants now argue that Plaintiffs fail to plead any actionable misrepresentation or presale knowledge for their fraud-based claims. (Def. Br. at 10-11, 13-17.)

### a. Actionable Misrepresentation

First, Ferrari Defendants argue that Plaintiffs fail to allege actionable misrepresentations adequate to comply with Rule 9(b)'s heightened pleading requirements for fraud. (Def. Br. at 10.) Defendants argue that the alleged affirmative representations are vague and amount to mere puffery that could not satisfy rule 9(b)'s requirement. (*Id.* at 10-11.) The Court disagrees.

"Advertising that amounts to 'mere' puffery is not actionable because no reasonable consumer relies on puffery. The distinguishing characteristics of puffery are vague, highly subjective claims as opposed to specific, detailed factual assertions." *Ponzio*, 447 F. Supp. 3d at 234 (quoting *In re Toshiba Am. HD DVD Mktg. & Sales Pracs. Litig.*, No. 08-939, 2009 WL 2940081, at *10 (D.N.J. 2009) (quoting *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1399 (E.D. Cal. 1994))). To determine whether a statement is puffery or something more, a court assesses whether the statement would victimize the average consumer. *Ponzio*, 447 F. Supp. 3d at 234-35. Vague, ill-defined opinions cannot be construed as misrepresentations. *Id.* at 235.

In *Ponzio*, the district court found that "verifiable facts" about Mercedes paint and the "nano-paint technology" used in its making were more than mere puffery. *Id.* ("Mercedes-Benz uses computer-controlled automatic robots which ensure an [sic] uniformly high paint finish standard. . . . New synthetic resin and two component polyurethane paints are considerably more resistant than cellulose paints."). Here, Ferrari's informational "materials provided to Plaintiffs and members of the Class"[9] also include verifiable facts that amount to more than puffery:

- "The 458 Italia offers even more efficient braking than the 8-cylinders that preceded it, delivering absolutely outstanding stopping distances (100-0 km/h in 32.5 metres; 200-0 Km/h in 128 metres)." (FAC ¶ 136.)
- "The 458 Spider also delivers absolutely outstanding braking distances (100-0 km/h in 32.8 metres; 200-0 km/h in 128.5)." (*Id.*)

---

[9] Plaintiffs explicitly allege that they "purchased or leased Class Vehicles in reliance on Defendants' misrepresentations and fraudulent omissions[.]" (FAC ¶ 242; *see id.* ¶ 205 ("Plaintiffs and Class members justifiably relied upon Defendants' negligent representations and omissions of material facts.").)

- "The 612 Scaglietti's braking system is particularly responsive and efficient, thanks to the fact that it uses CCM (Carbon Ceramic Material) brake discs originally developed for use in Formula 1." (*Id.*)
- "The carbon ceramic discs are different diameters front and rear - 380 x 34 mm at the front with 6-pot callipers, and 350 x 34 mm at the rear with 4-pot callipers. Pedal travel is constant even under repeated braking, and fade has been eliminated even under hard track use." (*Id.*)

These verifiable affirmative representations amount to more than mere puffery, and Plaintiffs' fraud-based claims will not be dismissed for failure to allege affirmative misrepresentations.

### b. Pre-sale Knowledge

Next, Defendants argue Plaintiffs failed to sufficiently allege the Defendants "knew of the alleged defect when their vehicles were originally sold." (Def. Br. at 13.) In *Ponzio v. Mercedes-Benz USA, LLC*, plaintiffs pleaded facts establishing that defendants had pre-sale knowledge of an alleged defect through "(1) pre-release design and testing; (2) technical service bulletin; (3) consumer complaints; and (4) warranty and paint replacement data." 447 F. Supp. 3d at 227. The district court "f[ound] that the totality of allegations pertaining to Defendants' knowledge of the alleged defect, collectively, [we]re sufficient to establish Defendants' had presale knowledge of the [] Defect." *Id.*

Here, Plaintiffs allege the Defendants had pre-sale knowledge of the alleged Brake Defect through "(1) conversations directly with Ferrari USA executives; (2) numerous complaints submitted to the National Highway Traffic Safety Association ("NHTSA"); (3) an outpouring of concern and discussion in Ferrari owner forums, which Ferrari monitors as part of its routine online reputational management ("ORM"); (4) warranty claims submitted to Ferrari's network of dealerships; (5) pre-production and post-production testing under ordinary and high-performance conditions; and (6) communications between Bosch and Ferrari concerning the root cause of the issue with braking in the Class Vehicles." (FAC ¶ 7.) Plaintiffs assert Defendants had a legal

obligation to monitor defects that can cause safety issues. (*Id.* ¶¶ 98, 103.) Plaintiffs allege Defendants' monitoring of consumer complaints of such defects establishes that Defendants had knowledge of the Brake Defect. (*Id.* ¶¶ 103-05.) Plaintiffs assert Defendants possessed this knowledge before Plaintiffs purchased or leased their Class Vehicles. (*Id.* ¶ 107.) Therefore, the totality of the allegations pertaining to Ferrari Defendants' knowledge of the alleged Brake Defect are sufficient to establish pre-sale knowledge.

Accordingly, Defendants' motion to dismiss is denied as to Plaintiffs' fraud by concealment or omission (Nationwide Count I) and negligent misrepresentation (Nationwide Count II) claims. The Court addresses Plaintiffs' three additional fraud-based claims below.

### 1. Violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2, *et seq.* ("NJCFA") (Nationwide Count VI)

Plaintiffs Rose and Carlucci assert a claim for violation of the NJCFA claim on behalf of themselves and the Nationwide Class or, in the alternative, on behalf of the State Sub-Classes. (FAC ¶ 239.)[10] Defendants argue that Plaintiffs' NJCFA claims should be dismissed because (1) out-of-state Plaintiff Rose lacks standing to assert an NJCFA claim, and (2) Plaintiff Carlucci, a New Jersey citizen, fails to establish that he suffered an "ascertainable loss." (Def. Br. at 17-19.)

Plaintiff Rose is a citizen of Missouri who purchased his Class Vehicle in Georgia. (FAC ¶¶ 23, 26.) A plaintiff may bring state law consumer protection claims "only under the law of the state where he . . . lived and the alleged injury occurred." *Yagudayev v. BMW of N. Am., LLC*, No. 20-897, 2020 WL 6689799, at *7 (D.N.J. Nov. 13, 2020) (citing *Cox v. Chrysler Grp., LLC*, No. 14-7573, 2017 WL 1202655, at *4 (D.N.J. Mar. 30, 2017) (quoting *Dziekak v. Whirlpool Corp.*, 26 F. Supp. 3d 304, 332 (D.N.J. 2014))). In *Cooper v. Samsung Electronics*, a plaintiff purchased

---

[10] Because the Court has dismissed the nationwide claims, Plaintiffs may only assert these claims on behalf of themselves and the appropriate state sub-classes.

a television in Arizona and sued its New Jersey-based manufacturer under the NJCFA. 374 F. App'x 250, 255 (3d Cir. 2010). There, "the transaction in question b[o]r[e] no relationship to New Jersey other than the location of Samsung's headquarters." *Id.* at 254-55; *see also Nirmul v. BMW of N. Am., LLC*, No. 10-5586, 2011 WL 5195801, at *5 (D.N.J. Oct. 31, 2011) ("[Plaintiffs] both purchased their vehicles outside of New Jersey, as such, . . . they are not entitled to sue under NJCFA because the transactions in question regarding their vehicles bear no relationship to New Jersey[.]"). Here, Plaintiff Rose's NJCFA claim bears no relationship to New Jersey other than Ferrari North America's New Jersey headquarters. Therefore, Plaintiff Rose cannot assert a claim pursuant to the NJCFA.

Plaintiff Carlucci is a citizen of New Jersey who purchased his Class Vehicle in New Jersey. (FAC ¶ 31.) "To state a prima facie case under the NJCFA, a plaintiff must demonstrate three elements: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, 865 F. Supp. 2d 529, 538 (D.N.J. 2011) (citing *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564, 572 (D.N.J. 2010)). "An actionable loss is not 'hypothetical or illusory.'" *Spera v. Samsung Elecs. Am., Inc.*, No. 12-05412, 2014 WL 1334256, at *5 (D.N.J. Apr. 2, 2014) (quoting *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783 (N.J. 2005)). Instead, "what New Jersey Courts require for that loss to be 'ascertainable' is for the consumer to quantify the difference in value between the promised product and the actual product received." *Smajlaj v. Campbell Soup Co.*, 782 F. Supp. 2d 84, 99 (D.N.J. 2011). "The mere fact that an automobile defect arises does not establish, in and of itself, an actual and ascertainable loss to the vehicle purchaser." *Cohen*, 2022 WL 721307, at *28 (quoting *Thiedemann v. Mercedes-Benz USA, LLC*, 872 A.2d 783, 794 (N.J. 2005)). The First Amended

Complaint does not allege that Plaintiff Carlucci's vehicle experienced the Brake Defect or that he suffered an ascertainable loss because of the Brake Defect. (*See generally* FAC ¶¶ 31-34.) Instead, the First Amended Complaint alleges that Carlucci has been unable to receive the repair necessary to remedy the Defect. (*Id.* ¶¶ 94-95.) These allegations are not enough to establish ascertainable loss. *See, e.g.*, *Cohen*, 2022 WL 721307, at *28 (dismissing NJCFA claims because plaintiffs did not allege that they experienced the defect in their vehicles, brought their vehicles for repair under the warranty, or received inadequate repairs). Therefore, Plaintiff Carlucci's NJCFA claim is dismissed without prejudice.

Defendants' motion to dismiss the NJCFA claim is granted, and the claim is dismissed without prejudice.

### 2. Violation of Georgia's Uniform Deceptive Trade Practices Act, Ga. Code Ann. § 10-1-370, *et seq.* ("GUDTPA") (Georgia Count I)

Plaintiff Rose asserts a claim for violation of the GUDTPA on behalf of himself and the proposed Georgia class against all Defendants. (FAC ¶ 264.) Injunctive relief is the only remedy available under the GUDTPA. *Energy Four, Inc. v. Dornier Med. Sys., Inc.*, 765 F. Supp. 724, 730 (N.D. Ga. 1991). For a plaintiff to state a GUDTPA claim, he must establish that "he is likely to be damaged by [the allegedly improper] trade practices in the future." *Catrett v. Landmark Dodge, Inc.*, 560 S.E.2d 101, 106 (Ga. Ct. App. 2002) (internal quotation omitted). This Court previously dismissed Plaintiff Rose's GUDTPA claim for a failure to sufficiently allege future harm. (ECF 67 at 16-17.) In the FAC, however, Plaintiff Rose adds new allegations that sufficiently demonstrate potential future harm. Plaintiff Rose explains that Ferrari's Cap Replacement remedy, a purported remedy of the Brake Defect, fails to repair the Defect, (FAC ¶ 16), and "even if the Cap Replacement remedies some instances of brake failure, it does not and cannot remedy the failure

mode described by Ferrari USA in its initial filings to NHTSA." (*Id.* ¶ 17.) Therefore, because Plaintiff Rose added allegations to allege future harm and sufficiently pleads an agency relationship,[11] Defendants' motion to dismiss as to the GUDTPA claim (Georgia Count I) is denied.

### 3. Violation of the Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390, et seq. ("GFBPA") (Georgia Count II)

Plaintiff Rose asserts a claim for violation of the GFBPA on behalf of himself and the proposed Georgia class against all Defendants. (FAC ¶ 278.) Defendants assert the GFBPA claim must be dismissed because the GFBPA expressly precludes class-action claims. (Def. Br. at 19.) The Court declines to dismiss the GFBPA claim on this basis. Resolution of this issue involves the interplay between the GFBPA and Federal Rule of Civil Procedure 23. *See Rieger v. Volkswagen Grp. of Am., Inc.*, No. 12-10546, 2023 WL 3271116, at *15 (D.N.J. May 4, 2023). While the GFBPA prohibits individual litigants from bringing an action in a representative capacity, *see* Ga. Code Ann. § 10-1-399(a), Rule 23 allows members of a class to sue "as representative parties on behalf of all members." *Goodman v. Intervet, Inc.*, 22-02926, 2023 WL 5127336, at *2 n.3 (D.N.J. Aug. 10, 2023). "Courts do not agree on whether the class action bar in the GFBPA is substantive (and supersedes Rule 23) or procedural (and is displaced by Rule 23)." *Id.* (citing *Chapman v General Motors LLC*, 531 F. Supp. 3d 1257, 1301 (E.D. Mich. 2021)). This issue has not been briefed by the parties and will not be addressed at this juncture. *Rieger*, 2023 WL 3271116, at *15

---

[11] Plaintiffs further allege that "[a]s certified Ferrari dealers, the dealerships from which Plaintiffs purchased their vehicles, past and present, acted as Defendants' agents regarding the disclosures and other representations made to consumers about the characteristics of their Class Vehicles, including for each Plaintiff." (FAC ¶ 40.) This Court previously reasoned that Plaintiff sufficiently alleged the existence of an agency relationship. (ECF 67 at 16-17.) And in the First Amended Complaint, Plaintiffs add further allegations to support the existence of an agency relationship. (*See* FAC ¶ 164.)

(finding issue of dismissal of GFBPA claim prior to class certification to be inappropriate).
Defendants' motion to dismiss as to the GFBPA claim is denied.

### C.   Express Warranty Claim, Ga. Code Ann. §§ 11-2-313, 11-2A-210 (Georgia Count III)

Plaintiff Rose asserts a claim for breach of express warranty under Georgia statute on behalf of himself and the proposed Georgia sub-class against Ferrari North America. (FAC ¶¶ 289-99.) Defendant Ferrari North America argues that this claim must be dismissed because the warranties at issue are inapplicable to the design defects alleged by Plaintiff Rose. (Def. Br. at 21.) Plaintiff Rose contests that he plausibly alleged defects in materials and workmanship, not design. (Opp. at 22.) "Courts in this district have previously 'refused to apply a distinction between a defect in design and a defect in materials or workmanship at the pleadings stage of litigation.'" *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 883 (D.N.J. 2020) (quoting *In re Volkswagen Timing Chain Prod. Liab. Litig.*, No. 16-2765, 2017 WL 1902160, at *12 (D.N.J. May 8, 2017)). *See also Alin v. Am. Honda Motor Co.*, No. 08–4825, 2010 WL 1372308, at *6 (D.N.J. Mar. 31, 2010) (holding that "where the distinction between defect in design and defect in materials or workmanship is a matter of semantics, and sufficient facts are alleged to assert both, the defendant's characterization of the nature of the claim pre-discovery should not control whether the complaint survives."). Therefore, the Court will not dismiss Plaintiff Rose's express warranty claim based on the defect alleged because Plaintiff sufficiently pleads facts to allege both defect types.

Defendant Ferrari North America also argues that Plaintiff Rose's express warranty claim must be dismissed because he failed to provide Ferrari North America with pre-suit notice, and he failed to request repair of his vehicle from Ferrari North America. (Def. Br. ¶¶ 22-23.) "Georgia

law imposes two conditions before a breach of express warranty can exist: (1) notice of the defect; and (2) a reasonable opportunity to repair the defect." *Barnes v. Medtronic, Inc.*, No. 20-04310, 2021 WL 3742436, at *4 (N.D. Ga. Aug. 24, 2021 (citing *Knight v. Am. Suzuki Motor Corp.*, 612 S.E.2d 546, 549 (Ga. Ct. App. 2005)); *see Garcia v. Chrysler Grp. LLC*, 127 F. Supp. 3d 212, 225 (S.D.N.Y. 2015) (applying Georgia law and explaining that pre-suit notice is required to establish breach of express warranty). Plaintiff does not plead facts that he made a request to repair or that he provided Ferrari North America with pre-suit notice.[12] Therefore, the express warranty claim is dismissed without prejudice.

### D. Implied Warranty Claims

"As a general rule, the implied warranty of merchantability warrants that a consumer good is 'fit for the ordinary purposes for which such goods are used.'" *Skeen v. BMW of N. Am., LLC*, No. 13-1531, 2014 WL 283628, at *16 (D.N.J. Jan. 24, 2014) (quoting U.C.C. § 2-314(2)(c)). *See* N.J. Stat. Ann. § 12A:2-314(2)(c); Ga. Code Ann. § 11-2-314(2)(c). Ferrari Defendants move to dismiss the Plaintiffs' implied warranty of merchantability claims because (1) Plaintiffs fail to show their vehicles were unmerchantable; (2) the alleged Brake Defect did not arise during the warranty period; (3) Plaintiff Rose purchased a used car[13] not covered by the warranty; and (4) Plaintiffs failed to provide Defendants with mandatory pre-suit notice prior to filing their implied warranty claims. (Def. Br. at 23-25.)

---

[12] Even if a request to repair would be futile, it should have been made. *Cunningham v. Ford Motor Co.*, 641 F. Supp. 3d 400, 411 (E.D. Mich. 2022).

[13] At this stage, the Court declines to dismiss Plaintiff Rose's implied warranty of merchantability claim because his car was purchased used. In *Soto v. CarMax Auto Superstores, Inc.*, the Georgia Court of Appeals applied the implied warranty of merchantability statute in a case involving a used vehicle. 611 S.E.2d 108, 110 (Ga. Ct. App. 2005) ("Applying the relevant provisions of OCGA § 11-2-314 (2) (b), used cars, to be merchantable, must at least 'pass without objection in the trade under the contract description,' and they must be 'fit for the ordinary purposes for which [cars] are used.'" (citing Ga. Code Ann. § 11-2-314 (2) (a), (c)).

a. **Breach of the Implied Warranty of Merchantability, Ga. Code Ann. §§ 11-2-314, 11-2A-212 (Georgia Count IV)**

Plaintiff Rose asserts a breach of implied warranty of merchantability claim on behalf of himself and the Georgia sub-class against Ferrari North America. (FAC ¶¶ 300-08.) "To prevail on a claim for implied warranty of merchantability under Georgia law, a plaintiff must show: '(1) that the goods were subject to the warranty; (2) that the goods were defective; (3) that the injury was caused by the defective goods; and (4) that damages were incurred as a result.'" *Green v. Medtronic, Inc.*, No. 19-3242, 2020 WL 4577713, at *5 (N.D. Ga. May 1, 2020) (quoting *Wilson v. J & L Melton, Inc.*, 606 S.E.2d 47, 49 n.1 (2004)).

i. **Whether the Class Vehicles were Unmerchantable**

Defendants argue that Plaintiff Rose fails to plead facts that his vehicle was unmerchantable at the time of sale. (Def. Br. at 23.) Goods are merchantable if they are fit for the ordinary purposes for which such goods are used. *In re Volkswagen Timing Chain Prod. Liab. Litig.*, No. 16-2765, 2017 WL 1902160, at *15 (D.N.J. May 8, 2017). "In the context of a car, this warranty is satisfied when the vehicle provides safe and reliable transportation." *Id.* (quoting *Greene v. BMW of North Am.*, No. 11–04220, 2013 WL 5287314, *2 (D.N.J. Sept. 17, 2013)). The First Amended Complaint alleges that the Brake Defect places the Class Vehicles at risk for unexpected and sudden failure, exposing drivers and passengers to unreasonable and substantial risk of injury or death. (*See, e.g.*, FAC ¶¶ 192-93, 204, 213, 248.) A defect that can cause a car to cease its proper functioning may breach the implied warranty of merchantability. *In re Volkswagen Timing Chain Products Liab. Litig.*, 2017 WL 12929769, at *15 (finding sufficiently pleaded implied warranty of merchantability claim based on a car motor defect because "[w]hen the motor ceased working, the

vehicle no longer performed its ordinary commercial purpose of driving.")). Therefore, Plaintiff Rose adequately pleads an implied warranty of merchantability claim.

### ii.   Whether the Defect Manifested During the Warranty Period

Defendants also argue that Plaintiff Rose cannot state an implied warranty claim because the alleged Brake Defect did not manifest during the warranty period outlined in the express warranty. (Def. Br. at 24.) The written warranties limit all implied warranty claims "to the duration of [the] express limited warranty," which is 36 months from the vehicle being put into service. (*Id.*) Plaintiff Rose asserts that "a breach of implied warranty claim may extend beyond the limits of an express warranty in circumstances like the case at bar, where Plaintiffs have alleged that the durational limits of the written warranties are unconscionable." (Opp. at 25.)

To assess unconscionability, courts consider "whether, in light of the general commercial background and the commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract." *Ponzio*, 447 F. Supp. 3d at 255 (quoting U.C.C. § 2-302). For a complaint to successfully allege unconscionability, "Plaintiff is required to allege facts to state a plausible claim that the contract was both procedurally and substantively unconscionable." *Ponzio*, 447 F. Supp. 3d at 255. To analyze procedural unconscionability, "courts look to the circumstance surrounding the formation of the contract." *Id.* And substantive unconscionability recognizes an exchange of one-sided promises that "shock the conscience of the court." *Id.* at 256 (citation omitted).

Here, the First Amended Complaint provides:

Ferrari USA's attempt to disclaim or limit the implied warranty of merchantability vis-à-vis consumers is unconscionable and unenforceable here. Specifically, Ferrari USA's warranty limitations are unenforceable because it knowingly sold a defective product without informing consumers about the defect. The time limits contained in Ferrari USA's warranty periods are also unconscionable and inadequate to protect Plaintiffs and other Class members. Among other things,

> Plaintiffs and other Class members had no meaningful choice in determining these time limitations, the terms of which unreasonably favored Ferrari USA. A gross disparity in bargaining power existed between Ferrari and Class members, and Ferrari USA knew of the defect at the time of sale.

(FAC ¶ 234.) In other words, Plaintiff Rose alleges that Defendants knew of the Brake Defect when he was sold his car, Defendants took advantage of the disparity in bargaining power at the time of sale to manipulate the warranty, and Ferrari purchasers lacked a meaningful choice in determining the time limitations of the warranty. (*Id.*) Defendants argue that Plaintiff's allegations of unconscionability are conclusory and therefore insufficient. (Reply at 13.) "Courts have found that plaintiffs may establish unconscionability at the pleading stage based upon these allegations." *Davis v. BMW of N. Am., LLC*, No. 19-19650, 2022 WL 3646571, at *4 (D.N.J. Aug. 23, 2022) (citing *Henderson v. Volvo Cars of N. Am., LLC*, No. 09-4146, 2010 WL 2925913, at *9 (D.N.J. July 21, 2010) (concluding that plaintiffs sufficiently pleaded unconscionability at the motion to dismiss stage by alleging lack of "meaningful choice" in setting the warranty, a "gross disparity in bargaining power" between defendants and the class members, and that defendants had knowledge that the part would fail when sold)). Therefore, the Court will not dismiss Plaintiff Rose's implied warranty claim because of the alleged Brake Defect's failure to manifest during the warranty period.

### iii.    Pre-suit notice

Defendants argue the Georgia implied warranty claim must be dismissed for failure to provide pre-suit notice. Under Georgia law, a breach of implied warranty claim will be dismissed for lack of pre-suit notice if the defendants demonstrate prejudice because of delayed notice. *Cole v. NIBCO, Inc.*, No. 13-07871, 2015 WL 2414740, at *9 (D.N.J. May 20, 2015); *see Sulligan v. Ford Motor Co.*, No. 22-11668, 2023 WL 5180330, at *10 (E.D. Mich. Aug. 11, 2023) (analyzing the pre-suit notice requirement under Georgia law). Here, the Ferrari Defendants do not assert that

they were prejudiced by a lack of pre-suit notice. Therefore, the Court will not dismiss Plaintiff Rose's implied warranty of merchantability claim for a lack of pre-suit notice.

As to the Georgia implied warranty claim, the motion to dismiss is denied.

### b. Breach of the Implied Warranty of Merchantability, N.J. Stat. Ann. § 12A:2-314 (Nationwide Count V)

Defendants assert that Plaintiff Carlucci's implied warranty claim must be dismissed because he does not plead any manifestation of the Brake Defect. (Def. Br. at 24.) "Courts in this district and elsewhere have dismissed claims for breach of implied warranty of merchantability where plaintiffs use their vehicles without the alleged defect 'having manifested itself.'" *Cohen*, 2022 WL 721307, at *11 (quoting *In re Ford Motor Co. Ignition Switch Prod. Liab. Litig.*, No. 96-1814, 2001 WL 1266317, at *22 (D.N.J. Sept. 30, 1997) (collecting cases)); *Glass v. BMW of N. Am., LLC*, No. 10-5259, 2011 WL 6887721, at *15 (D.N.J. Dec. 29, 2011) (quoting *Sheris v. Nissan N.A., Inc.*, No. 07-2516, 2008 WL 2354908 (D.N.J. June 3, 2008)). Plaintiff Carlucci fails to plead facts showing the Brake Defect manifested in his vehicle, such that his vehicle is unfit for ordinary use. Therefore, the Court dismisses Plaintiff Carlucci's implied warranty claim without prejudice. *See Cohen*, 2022 WL 721307, at *11 (dismissing implied warranty claims for plaintiffs who failed to allege that the defect ever caused their vehicles to malfunction).

### E. Strict Product Liability (Nationwide Count III)

Ferrari Defendants argue that Plaintiffs' strict liability claim is barred by the economic loss doctrine. (Def. Br. at 20.) In making this argument, Defendants cite New Jersey and Georgia law,[14] so the Court will limit its analysis to the law of these states.

---

[14] Defendants also cite to Texas law and Illinois law. Texas Plaintiffs withdrew their claims, so the Court will therefore not analyze the strict liability claim under Texas law. Plaintiff Rose's 2018 Class Vehicle was purchased in Georgia, while his 2020 Vehicle was purchased in Illinois. Because the 2020 Vehicle is not Rose's Class Vehicle, the Court will not analyze the claim under Illinois law.

The economic loss doctrine generally holds that 'purely economic losses are not recoverable in tort.'" *Cohen*, 2022 WL 721307, at *31 (quoting *Ponzio*, 447 F. Supp. 3d at 236, 239); *see Paws Holdings, LLC v. Daikin Indus., Ltd.*, No. 116-058, 2017 WL 706624, at *12 (S.D. Ga. Feb. 22, 2017) (explaining Georgia's economic loss rule bars recovery in tort for purely economic losses). "The vast majority of courts across the country . . . have concluded that purchasers of personal property . . . should be limited to recovery under contract principles." *Alloway v. Gen. Marine Indus., L.P.*, 695 A.2d 264, 270-71 (N.J. 1997) (collecting cases). In other words, "plaintiffs cannot recover under negligence or strict product liability theories where they only suffer economic injury." *Cohen*, 2022 WL 721307, at *31 (citing *Alloway*, 695 A.2d at 267, 275). The First Amended Complaint does not allege that Plaintiffs suffered physical injury or injury to property other than their Ferrari vehicles. In their Opposition Brief, however, Plaintiffs assert that recognized exceptions to the economic loss doctrine apply here. (Opp. at 19.)

### i.    New Jersey

Plaintiffs argue that a fraud-based exception to the economic loss doctrine applies. (Opp. at 19.) Some courts recognize an exception to the economic loss doctrine if a defendant violates an independent duty, which arises from principles of tort law, not to commit fraud. *Cohen*, 2022 WL 721307, at *32. Plaintiffs do not plead that Defendants owed this independent duty. (*See generally* FAC.) And while Plaintiffs assert fraud elsewhere in the FAC, these separate fraud claims do not permit plaintiffs to recover for strict liability based only on economic losses. *Cohen*, 2022 WL 721307, at *32. Therefore, Plaintiffs fail to state a claim for strict product liability under New Jersey law.

### ii.   Georgia

Georgia has recognized two exceptions to the economic loss doctrine: the misrepresentation exception and the accident exception. *Home Depot U.S.A., Inc. v. Wabash Nat'l Corp.*, 724 S.E.2d 53, 59 (Ga. Ct. App. 2012). Plaintiffs assert the accident exception applies. (Opp. at 19.) "Accident in this context means a sudden and calamitous event which, although it may only cause damage to the defective product itself, poses an unreasonable risk of injury to other persons or property." *Home Depot U.S.A., Inc.*, 724 S.E.2d at 60 (citation and punctuation omitted). Absent "a calamity, sudden violence, collision with another object, or some catastrophic event[,]" the accident exception will not apply. *Id.* Furthermore, "inconvenience, aggravation, or fright" are not enough to establish an "accident" within the meaning of the exception. *Id.* Here, Plaintiffs do not allege any calamity, sudden violence, collision, or other catastrophic event in connection with their Class Vehicles. While Plaintiff Rose asserts that his 2020 Vehicle entered a twenty-foot-deep pond behind his residence due to a brake failure, Plaintiff Rose is not asserting a strict liability claim in connection with the 2020 Vehicle.[15] (FAC ¶¶ 23-25.) Rather, Plaintiff Rose's Class Vehicle is his 2018 Ferrari 488 GTB. Therefore, Plaintiff Rose fails to state a claim for strict product liability under Georgia law.

The strict product liability claim is dismissed without prejudice.

### F.   Breach of Contract (Nationwide Count IV)

To state a breach of contract claim under New Jersey law, a plaintiff must plead (1) the existence of a valid contract; (2) plaintiff's performance under the contract; (3) defendant's breach of the contract; and (4) damages resulting from the breach. *Pollack v. Quick Quality Rests., Inc.*,

---

[15] "Plaintiff Rose's 2020 Vehicle was taken to a salvage company and deemed a total loss by Plaintiff Rose's automobile insurer, State Farm. On June 23, 2021, Plaintiff Rose settled his insurance claim with State Farm." (FAC ¶ 25.)

172 A.3d 568, 576 (N.J. Super. Ct. App. Div. 2017)). Moreover, "contract law requires parties to be in privity with each other in order to enforce the terms of a contract[.]" *Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*, 20-cv-14464, 2021 WL 5448716, *8 (D.N.J. 2021). In the First Amended Complaint, Plaintiffs do not allege that privity exists. While Plaintiffs separately allege an agency relationship between Ferrari North America and Ferrari dealerships in the United States, Plaintiffs fail to provide legal authority demonstrating that an agency relationship could create privity of contract between Plaintiffs and Defendants. Therefore, the breach of contract claim (Nationwide Count IV) is dismissed without prejudice.

### G. Unjust Enrichment (Nationwide Count VII)

This Court previously explained "New Jersey law provides that 'where there is an express contract covering the identical subject matter of the claim, plaintiff[s] cannot pursue a quasi contractual claim for unjust enrichment.'" (ECF 67 at 18 (quoting *Royale Luau Resort, LLC v. Kennedy Funding, Inc.*, No. 07-1342, 2008 WL 482327, at *10 (D.N.J. Feb. 19, 2008) (brackets and citations omitted)).) This Court held that "Plaintiff's unjust enrichment claim [wa]s precluded by the warranty[.]" (ECF 67 at 18.) The unjust enrichment claim is still precluded by the express warranty, and Plaintiffs' unjust enrichment claim is dismissed.

## IV.   CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART.** An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:       Clerk
cc:         Cathy L. Waldor, U.S.M.J.
            Parties

22